| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 3/9/12<br>1:30 PM |

*Genometrica Research, Inc. -v- Gorbovitski, et al.*, **CV 11-5802 (ADS) (AKT)**

TYPE OF CONFERENCE:     **INITIAL CONFERENCE**

APPEARANCES:     Plaintiff:     Panagiota Tufariello

             Defendants:     Arthur Morrison[1]

SCHEDULING:

The next conference will be held by telephone on June 28, 2012 at 11 a.m. Plaintiff's counsel is directed to initiate the call to Chambers.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this action alleging Lanham Act unfair competition claims as well as various state law causes of action (349 paragraphs in the Complaint, 17 claims in all) met for a Rule 26(f) conference and I am adopting a portion of the discovery plan submitted by them with several modifications. Pursuant to my discussion with counsel this afternoon, a Limited Case Management and Scheduling Order ("CMSO") is being entered separately. Initial Disclosures pursuant to Rule 26(a) have been served by the parties.

    Among many other things, the Complaint alleges that the defendants are using, marketing and offering to sell as well as selling a DNA Sequencer which falsely designates the origin as to the affiliation between such devices and plaintiff Genometrica's Medical Device. Plaintiff further asserts that it has lost potential customers, has lost National Institute of Health grants, Genometrica's goodwill and further development of the Medical Device.

    The defendants deny these allegations and assert that the first three causes of action are improper and brought only to try to establish federal jurisdiction in a case which the defendants believe belongs in state court. Defendants requested a stay of the Initial Conference pending a decision on their motion to dismiss and that application was denied.

2. Plaintiff's counsel requested permission to serve expedited discovery on a limited issue to assist the plaintiff in filing its opposition to the motion to dismiss. After hearing from both sides, I have granted plaintiff's request to the following extent: plaintiff's counsel may serve a limited formal document request on Monday, March 9, 2012, requesting any records or communications relating to the three grant applications counsel discussed today purportedly

---

[1] William Rapp, Esq. was present for today's conference. However, Mr. Rapp has not yet been admitted to the Eastern District of New York but is in the process of submitting his application for admission.

        made by the defendant(s) to the NIH. Defendants' counsel stated today that there was only one grant application to the NIH. Whatever information/documents the defendants have in their possession, custody or control which responds to the plaintiff's anticipated limited document demands must be served on plaintiff's counsel no later than March 27, 2012. Those responses are to be signed off by the individual defendants as well as by defendants' counsel. Defendants' counsel stated that he has already turned over to plaintiff's counsel a flash drive containing approximately 100,000 documents.

        This limited document demand does not prejudice either party in serving regular document demands and interrogatories by the April 13, 2012 deadline set by the court today and found in the accompanying CMSO. If either side serves its demands prior to the April 13 deadline, then the responses are due six weeks from the date the demands are received.

        All depositions in this case are stayed until the further Order of this Court.

2.    Based upon the discussions with the attorneys during today's conference, it looks as if a Stipulation and Order of Confidentiality will be needed during the discovery and trial phases of this case. Therefore, I am directing the parties to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation is to be filed on ECF by April 13, 2012.

4.    I am giving the parties until April 13, 2012 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file a letter on ECF <u>no later than April 13</u> advising me of what agreement/ procedure has been put in place. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

5.    The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is June 15, 2012. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file his opening motion papers and memorandum of law by June 15, 2012. The parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date. The motion is returnable before Judge Spatt and counsel are encouraged to review his Individual Practice Rules which are available on the EDNY website.

6.    In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (<u>*not*</u> merely an exchange of e-mails or letters).

        If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or

       interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court.  <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

7. Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court.  Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders.  All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline.  The parties are directed to my Individual Practice Rules for further information.

                SO ORDERED

                /s/ A. Kathleen Tomlinson  
                A. KATHLEEN TOMLINSON  
                U.S. Magistrate Judge