| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 6/28/2012<br>12:04 a.m. (33 minutes) |

*Genometrica Research Inc. v. Gorbovitski, et al.*,
**CV 11-5802 (ADS) (AKT)**

TYPE OF CONFERENCE:          **MOTION HEARING/STATUS CONFERENCE**

APPEARANCES:     Plaintiff     Panagiota Tufariello

Defendants     Arthur Morrison

FTR: 12:04-12:37

THE FOLLOWING RULINGS WERE MADE:

1. I met with counsel today to discuss plaintiff's motion to compel defendants' responses to document demands and interrogatories [DE 35], defendants' motion for a protective order [DE 36], and plaintiff's opposition to defendants' motion [DE 37]. In light of the issues raised in Plaintiff's motion to compel, I converted the previously scheduled June 28, 2012 Telephone Status Conference to an in-person Motion Hearing/Status Conference. *See* Electronic Order, June 15, 2012. My rulings on the parties' motions are set forth below.

2. I reminded counsel that when we met on March 9, 2012 for the Initial Conference, plaintiff's counsel requested permission to serve expedited discovery on a limited issue to assist the plaintiff in filing its opposition to defendants' motion to dismiss. I placed on the record today portions of the Civil Conference Minute Order ("CCMO") reflecting my directives at the March 9 Conference regarding plaintiff's request to serve expedited discovery:

> After hearing from both sides, I granted plaintiff's request to the following extent: Plaintiff's counsel may serve a limited formal document request on Monday, March 9, 2012, requesting any records or communications relating to the three grant applications counsel discussed today purportedly made by the defendant(s) to the NIH. Defendants' counsel stated today that there was only one grant application to the NIH. Whatever information/documents the defendants have in their possession, custody or control which responds to the plaintiff's anticipated limited document demands must be served on plaintiff's counsel no later than March 27, 2012. Those responses are to be signed off by the individual defendants as well as by defendants' counsel. Defendants' counsel stated that he has already turned over to plaintiff's counsel a flash drive containing approximately 100,000 documents.

>   **This limited document demand does not prejudice either party in serving regular document demands and interrogatories by the April 13, 2012 deadline set by the Court today and found in the accompanying CMSO. If either side serves its demands prior to the April 13 deadline, then the responses are due six weeks from the date the demands are received.**

  CCMO, March 9, 2012 [DE 14] (emphasis added).

3.  Based on my rulings at the March 9, 2012 conference, I concluded that plaintiff's counsel was within her rights to serve a second round of document requests and interrogatories. However, I also heard argument from defendants' counsel that the 200 document demands sought here are overly broad at this stage of the proceedings, particularly with the motion to dismiss pending.

4.  I directed plaintiff's counsel to reduce the document demands by half, and serve upon defendants' counsel a limited set of 100 document demands. However, given the fact that there are 19 causes of action in this case, plaintiff's counsel may renew her application after Judge Spatt's decision on defendants' motion to dismiss. Plaintiff's limited set of 100 document demands is to be served upon defendants no later than July 16, 2012. Defendants' responses are due by August 20, 2012.

5.  With respect to any interrogatories previously served upon defendants, responses are due by August 20. Defendants' counsel represented that he had already served responses to at least plaintiff's first set of limited interrogatories pursuant to the March 9 CCMO. However, plaintiff's counsel stated that she had received no responses to date. I directed counsel to work these issues out among themselves. If counsel are unable to resolve them, the affected party may make an application for relief.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge