| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 4/30/2013<br>5:15 p.m. (1 hr 10 minutes) |

*Genometrica Research Inc. v. Gorbovitski, et al.*,
**CV 11-5802 (ADS) (AKT)**

| | |
|---|---|
| TYPE OF CONFERENCE: | **DISCOVERY STATUS CONFERENCE** |

| | | |
|---|---|---|
| APPEARANCES: | Plaintiff | Panagiota Tufariello |
| | Defendant | Arthur Morrison |

FTR:   5:13-6:23

THE FOLLOWING RULINGS WERE MADE:

1. The Court set today's conference to obtain feedback from the parties about where discovery stands in this case, particular in light of Judge Spatt's Memorandum and Order earlier this year granting in part and denying in part defendants' motion to dismiss. Based on the discussion with counsel today, it appears that this case continues to amplify itself and becomes that much more complex in the process. At the Initial Conference a year ago, this Court entered a Limited Case Management and Scheduling Order based on the then pending motion to dismiss. The Court permitted paper discovery (including any ESI) to go forward and set specific deadlines for that protocol. Since that time, an Amended Complaint has been filed adding a second plaintiff, namely, the Research Foundation of the State University of New York (pursuant to Article VII of its July 1, 1999 Exclusive License Agreement with plaintiff Genometrica Research Inc.). Notably, the Amended Complaint is 102 pages in length, compared to the 82 pages constituting the original Complaint. Sixteen causes of action were asserted in the original Complaint while 20 claims are asserted in the Amended Complaint, including claims of patent infringement involving 12 patents. We spent several hours this afternoon trying to establish a discovery plan going forward. The issues raised are set forth in the subsequent items of this Order.

2. According to plaintiffs' counsel, plaintiffs have been going through the substantial materials produced by the defendants. Plaintiffs' counsel has been working on a deficiency letter to send to defendants' counsel regarding plaintiffs' objections to the responses received to date. On this issue, I set the following schedule, taking into account the upcoming religious holidays of plaintiffs' counsel:

    - plaintiffs' deficiency letter is to be served on defendants' counsel no later than May 17, 2013;

    - counsel for both sides shall comply with their obligations under Local Civil Rule 37.3 to conduct a good faith meet-and-confer (i.e., actual conversation between counsel, not by e-mail or fax) between May 17, 2013 and June 7, 2013 to try to resolve the issues raised in plaintiffs' deficiency letter;

- if there are unresolved issues after the parties have fulfilled their obligations under Rule 37.3, then counsel may file on ECF any necessary motions to compel or motions for protective order, etc.; the deadline to do so is June 18, 2013. Any issues not raised by the June 18 deadline with regard to defendants' response to the initial demands served by plaintiffs will be deemed waived.

3. Apparently, defendants produced a hard drive containing their electronically stored records. None of these documents is Bates' stamped. In addition, there was no representation by defendants' counsel that these records were presented as they were kept in the ordinary course of defendants' business. I took some time making a further inquiry from defendants' counsel asked how these documents were gathered. Defendants' counsel asked his client, Vera Gorbovitski, Ph.D. (a/k/a Vera Garfinkel), to explain to the Court how these materials were collected and produced. After hearing from Dr. Gorbovitski, the Court concluded that these materials were not produced as they were kept in the ordinary course of business, but rather were selected from various sources, collated and placed on the hard drive. Dr. Gorbovitski stated that she had prepared a Table of Contents which was placed at the beginning of the hard drive setting forth a brief explanation of what is contained in each topic area under the Table of Contents. I have directed that defendants to go back and for each of the numbered document requests to identify which section/documents of the Table of Contents matches up with the specific discovery requests made by the plaintiffs. **Defendants have 30 days to complete this task and serve the appropriate identifying information on plaintiffs' counsel. The Court will not extend this date and the defendants are required to utilize whatever assistance is necessary to get this task accomplished by the deadline**. **Any failure to comply with this directive will subject the defendants to the prospect of sanctions**.

4. Plaintiffs' counsel stated that the foregoing electronic records are only a portion of the materials requested in the plaintiffs' discovery demands. Counsel stated that defendants have not responded with the requested financial documents called for in the discovery demands. This issue shall be treated as part of the Rule 37.3 meet-and-confer requirement set forth above in Item #2. The same deadlines are in effect with respect to these records as well.

    Plaintiffs' counsel further stated that with regard to defendants' ESI production, a number of the documents are not readable and/or cannot be opened. Plaintiffs' counsel pointed to the provision in the parties' executed ESI Agreement which calls for documents to be provided in a readable software format. In the alternative, plaintiffs' counsel is requested that defendants convert any of the non–readable documents into PDF format and provide them to the plaintiffs. After further discussion, I directed the parties to speak with each other before leaving the courthouse today to do their best to resolve this particular issue so that discovery is not being impacted by continued delay.

5. Defendants' counsel stated that plaintiffs have refused to respond to the discovery demands defendants served pursuant to the Limited Case Management and Scheduling Order. Defendants' counsel asserts that those demands were served timely. Plaintiffs' counsel disputes that fact and asserts that defendants' demands were served well beyond the deadline set by the Court and that she had contacted defendants counsel and requested that he call so that they could discuss this issue. Plaintiffs' counsel maintains that defendants' attorney never called. In order to address this issue, I have directed defendants' counsel to send the confirmation of the service date of the discovery demands defendants maintain they served on the plaintiff timely. Likewise, I directed plaintiffs' counsel to send any documentation showing the date of receipt

   of defendants' demands. Counsel have been directed to provide this information to the Court no later than May 8, 2013. I am deferring any further action or directives until I have examined these materials.

6. Both sides spent time discussing the fact that there is a parallel proceeding in state court brought by Dr. Vera Gorbovitski against the plaintiffs in this action. Apparently, the state court case was previously stayed pending the determination by Judge Spatt in this case of defendants' initial motion to dismiss. According to plaintiffs' counsel, the defendants filed a summons and notice (without a complaint) in state court approximately a week before the instant action was commenced. Plaintiffs' counsel stated that she received the actual complaint just a few days ago. According to plaintiffs' counsel, there had been previous discussion about dismissing the state court action in bringing those claims to the federal court as counterclaims in the instant action. This issue is still not resolved. According to defendants' counsel, there is an estoppel argument to be made on the basis of the University's owning the patents at issue here (i.e., defendants maintain that plaintiff is only a licensee) and this matter having previously been adjudicated elsewhere. Defendants' counsel asked for some guidance with respect to proceeding with two actions in existence; I noted, however, that the Court was not in a position to render legal advice and that there were certainly other resources the parties to consult as to how they ultimately wish to proceed. That issue is not presently before this Court and so I decline to address it further at this time. The parties are free to do whatever they believe is appropriate in the circumstances. I encourage counsel to have further discussions on this topic.

7. We spent some time discussing potentially who the parties may need to call as witnesses in this case. I assured both sides that their rights are preserved with regard to any necessary deposition and that we were not finalizing a deposition schedule today. Plaintiffs' counsel stated that her clients will likely need to take the depositions of defendants Boris and Vera Gorbovitski (Gorfinkel), a Rule 30(b)(6) deposition of defendant Advanced Biomedical Machines, Inc., financial experts and a patent infringement expert. Plaintiffs' counsel also believes plaintiffs will need to subpoena Dr. Gorfinkel's son Michael Gorbovitski for a deposition.

   Defendants' counsel stated that he will likely need to take the depositions of the principal of Genometrica, Invar and Genometrica Research. Other witnesses may well be needed but defendants' counsel was not prepared to make a final determination today. I advised counsel that they were not bound by today's representations as far as the number of depositions or the actual witnesses. However, when the next conference is scheduled, the parties been advised to be prepared to refine and prepare their anticipated list.

8. Defendants' counsel stated that his clients may well be moving to disqualify plaintiffs' new law firm since several of the attorneys will likely be called as witnesses in this case. I advised defendants' counsel that he is free to make that motion at any time.

9. Defendants' counsel stated that he would like to serve a disclosure of his experts (identification of the experts, not expert reports or Rule 26 disclosures) by the June 18 deadline set for motions to compel. I advised counsel that he is free to do so. In addition, we discussed each side's desire /need to serve supplemental discovery demands based upon the contents of the Amended Complaint, meaning discovery related to the new party and to the new causes of action raised –– not discovery repeating requests that were or should have been made as part of the Limited Case Management and Scheduling Order issued in March of 2012. Defendants' counsel stated his desire to do so by the June 18 date and I advised both sides they are free to do so.

10. Shortly after June 18, 2013, the Court will be in a position to set the next conference date after the filing of the motions to compel, etc., or, alternatively, receiving confirmation from the parties that there are no outstanding discovery disputes concerning the issues addressed today.

        SO ORDERED

        /s/ A. Kathleen Tomlinson
        A. KATHLEEN TOMLINSON
        U.S. Magistrate Judge