UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

GENOMETRICA RESEARCH, INC., *et ano*,

                Plaintiffs,                11-CV-05802(PKC)(AKT)

    -against-

GORBOVITSKI, *et al*,

                Defendants.

-------------------------------------------------------------------

-------------------------------------------------------------------

GORFINKEL., *et al*,

                Plaintiffs,                13-CV-03093(PKC)(AKT)

    -against-

VAYNTRUB, *et al*,

                Defendants.

-------------------------------------------------------------------

## DISCOVERY ORDER

Pursuant to my appointment as a Rule 53 Special Master with respect to discovery matters and disputes in the above consolidated cases, I issue the following order:

I have read and reviewed many of the documents filed on the docket sheet, including the pleadings and the numerous exchange of correspondence among counsel and the Court with

respect to the disputed discovery. I have also reviewed Judge Spatt's Memorandum of Decision and Order on the motion to dismiss (Dkt #43), and Magistrate Judge Tomlinson's various discovery orders following the court conferences (Dkt #s: 14, 15, 21, 22, 26, 46, 48, 49, 86, and 95 and docket entries dated 4/13/2012, 5/13/2013, 6/19/2013, 7/2/2013, 1/6, 2014).

First, I note that so long as there exists one or more federal claims in these cases, this Court has the supplemental jurisdiction to hear all of the asserted state law claims. Accordingly, this discovery order is intended to encompass both the federal and state claims.

Secondly, both sides must be afforded a full and fair opportunity to develop their respective claims, counterclaims, and affirmative defenses. The liberal federal discovery rules are designed precisely to uncover facts that may lead to relevant evidence. Therefore, at the discovery stage of litigation, objections as to relevancy and materiality are not warranted. Objections can be preserved for trial, but documents must be produced now.

Thirdly, the fact that one party believes that the other party has, or should have, possession of a particular document is of no consequence. Each side is ordered to produce all documents in its possession, or under its control, irrespective of whether another party may or may not have the document.

In order to remove many of the extraneous issues that have arisen over the past several years, and without having to revisit and resolve disagreements over what has or has not occurred during this litigation, I conclude that the easiest way to proceed at this juncture is simply to hit the "reset button" and direct the parties to submit full and complete responses to the original document demands. This will enable the Court and the parties to refer to one document for each side and to have clarity as to what has been produced by each side *in toto*, whether the production

occurred immediately before the commencement of the lawsuit, pursuant to Federal Rule 26(a), or following a Rule 34 demand. Accordingly, to the extent that a party has previously produced documents to current counsel of record that contained Bates numbering, it is _not_ necessary to produce them again. That party must, however, refer to the previously produced documents by the Bates identification in its responses. If documents have been produced *without* a corresponding Bates page number, then the producing party is ordered to stamp a unique Bates page number to each document and re-serve the other side. Any documents previously produced to the Hofheimer law firm must be produced again to plaintiff's current counsel with a corresponding Bates page number for each document. I recommend that each party use an identifying prefix to denote which party produced the document and, if previously furnished, at what stage it was produced.

For each specific document request, the producing party shall identify and produce the document, if feasible, in *.pdf* format or hard copy with an identifying Bates page number on the document. Where the document is not amenable to *.pdf* format and Bates numbering, then the producing party shall make specific reference to a digital file name or to a specific entry on a table of contents that accompanies the digital file. For any documents that are not produced in *.pdf* format with a Bates page number, then the producing party shall provide the requesting party with software readers, or links to acquire the software readers, that will enable the party to view the documents. *See* Dkt # 48, Mag. J. Tomlinson's order dated May 1, 2013, ¶¶ 3-4. Finally, to the extent that any file is password protected, the password(s) shall be removed prior to service or provided to the receiving party.

The producing party shall also represent in its response to each specific document request

that the response either a) includes all documents in the party's possession and/or under its control; or b) that certain documents responsive to the request have been withheld. If any documents are withheld, then the producing party must provide, in accordance with Federal Rule 26(b)(5), an accompanying privilege log itemizing the documents withheld, setting forth 1) the date of the document; 2) the person who prepared it; 3) the nature of the document, including the name(s) of any recipients; and 4) the asserted privilege or legal basis for withholding the document. I reserve the right to conduct an *in camera* inspection of any withheld documents if, in my opinion, there appears to be a genuine issue as to whether there was a sufficient basis for a particular document to be withheld.

The Confidentiality and Protective Order (Dkt #21) "so ordered" by Magistrate Judge Tomlinson on April 13, 2012 shall remain in effect.

The Order Establishing Protocol for Electronic Discovery (Dkt #22) "so ordered" by Magistrate Judge Tomlinson on April 23, 2012 shall also remain in effect.

**Plaintiff Genometrica's Demand to the Defendants**

Plaintiff Genometrica seeks an order compelling defendants to respond to Demand Nos: 2 through 22 inclusive, 24 through 90 inclusive, 92 through 94 inclusive, and 97 through 100, inclusive. Defendant is ordered to respond to all of these demands in accordance with the terms detailed above. Defendant is further ordered to restate its original response to Demand Nos.: 1, 23, 91, 95, and 96 in accordance with the terms detailed above. All responses shall be served on or before Monday, May 26, 2014. Please notify me by email that service has been made. No extensions will be granted.

## Defendants' Demand to the Plaintiff Genometrica

Defendants' seek an order compelling plaintiff Genometrica to respond to Demand Nos. 1 through 37 inclusive. Plaintiff Genometrica is ordered to respond to all of these demands in accordance with the terms detailed above. All responses shall be served on or before Monday, May 26, 2014. Please notify me by email that service has been made. No extensions will be granted.

## Defendants' Demand on Plainitff SUNY (RF)

I find that the Defendants' "Request for Production of Documents by Plaintiff SUNY (RF)" dated February 10, 2014 were not timely served and it appears to be an attempt to circumvent Magistrate Judge Tomlinson's Order dated December 10, 2013 which reads in relevant part [at 2-3]:

> "The Court is granting a short adjournment and directing defendants' counsel to file an appropriate motion, on notice to SUNY, seeking relief for SUNY's failure to timely comply with the subpoena. Defendants has until December 20, 2013 to file the motion. If the motion is not filed by that date, then the defendants' right to make such a motion will be deemed waived by the Court."

The subpoena served on SUNY (RF) was returnable on October 8, 2013 and sought all types of communications among the various parties, the agents of the parties, and other specified third parties. The February 10, 2014 demand requests the identical information, albeit the form of the demand is phrased differently. The plaintiff SUNY (RF) is not required to respond to the February 10, 2014 demand.

## Depositions

Another conference call will be held on Friday, June 6th at 3:00 pm to set a schedule for

-5-

depositions to be conducted in June and July. The parties are directed to meet and confer to arrive at mutually agreeable dates and places to conduct the depositions. The parties are further directed to send me a joint status report on or before June 3, 2014 indicating what agreement has been reached on the scheduling of the depositions. If required (although I sincerely hope that it will not be necessary), I will make myself available by telephone to resolve any disputes that may arise during the depositions.

Any communications with me shall be by email and on notice to all counsel of record.

Dated, April 10, 2014
Malverne, NY

**SO ORDERED:**

_____
**PATRICK MICHAEL MCKENNA**
Special Master
10 Adair Court
Malverne, NY 11565
516-561-7766 (office)
516-314-9018 (cell)
pmckenna@optonline.net