**SCULLY, SCOTT, MURPHY & PRESSER PC**
INTELLECTUAL PROPERTY LAW

SECURING INGENUITY®

400 GARDEN CITY PLAZA
SUITE 300
GARDEN CITY, NY 11530
516-742-4343
FAX: 516-742-4366
E-MAIL: INTPROP@SSMP.COM
WWW.SSMP.COM

FRANK S. DIGIGLIO
PAUL J. ESATTO, JR.
JOHN S. SENSNY
MARK J. COHEN
EDWARD W. GROLZ
STEVEN FISCHMAN
PETER I. BERNSTEIN
THOMAS SPINELLI
XIAOCHUN ZHU
EUNHEE PARK
RICHARD L. CATANIA
STEVEN I. WALLACH
KEITH A. WELTSCH
SETH M. WEINFELD

DREW BERWEGER
PAUL BURNETT
WILLIAM CHUNG
DAVID E. LANSKY
BYEONGJU PARK
LYNN M. RUSSO
MATTHEW B. TROPPER
KATHERINE R. VIEYRA°

PATENT AGENTS
LESLIE S. SZIVOS, PH.D.
EDMUND GUTIERREZ, PH.D.
HESONG CAO¹
JOHN PYUN, J.D.

COUNSEL
BARRY M. KRIVISKY
ALLEN R. MORGANSTERN
STEPHEN A. YOUNG

TECHNICAL CONSULTANTS
ADAM M. DEROSA, PH D.

RETIRED
JOHN F. SCULLY

ANTHONY C. SCOTT
1931-1994
LEOPOLD PRESSER
1927-2011
STEPHEN D. MURPHY
1941-2013

°OH BAR ONLY
¹LIMITED RECOGNITION

June 10, 2015

**Via ECF:**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, NY 11210

      Re:    Genometrica Research Inc, et al. v. Gorbovitski et al.
              Case No. 11-CV-5802 (PKC) (AKT)

Dear Judge Chen:

      We are counsel to The Research Foundation for the State University of New York ("Research Foundation"). We respectfully request that the Court vacate the Order Dismissing Case, so-ordered today (based on "Stipulation and Order of Dismissal" [DE 134], ECF filed at 4:59 PM on June 9), or in the alternative impose a temporary stay pending a Court conference to permit the parties to be heard, because the Research Foundation has not yet consented to the Settlement Agreement that led to the "Stipulation and Order of Dismissal."

      Specifically, Research Foundation and co-Plaintiff Genometrica Research Inc. ("Genometrica") entered into a License Agreement effective July 1, 1999 ("Agreement"). In relevant part, the Agreement requires Genometrica to reimburse the Research Foundation for all patenting costs and certain litigation costs incurred by the Research Foundation in connection with certain licensed technology. In addition, the Agreement requires that the Research Foundation have an opportunity to review the terms and provide consent to any Settlement Agreement entered into by Genometrica:

> "No settlement or consent judgment or other voluntary final disposition of an enforcement and/or defense suit initiated by either party to the Agreement may be entered into without the consent of the other which consent shall not be unreasonably withheld."

On April 16, 2015, the Research Foundation formally notified Genometrica that it was in material breach of the Agreement for failure to pay both outstanding patenting costs and certain costs and expenses of the present litigation. Counsel for Genometrica was also specifically advised that the Research Foundation would withhold consent to the Settlement Agreement pending resolution of the breaches by Genometrica (Exhibit A).

In the interim, during the month of May, the Research Foundation attempted, unsuccessfully, to engage Genometrica to discuss a global resolution of their differences. These differences included the contractual breaches and previously threatened lawsuits against the Research Foundation by Genometrica. Before the Stipulation and Order of Dismissal [DE 134] appeared on ECF last evening, the Foundation was waiting for communication from Genometirca's principal who, we were told, was overseas and not expected back at least for several weeks.

Inasmuch as the Research Foundation had unequivocally exercised its right to reasonably withhold consent to the Settlement Agreement and was diligently attempting to resolve its differences with co-Plaintiff Genometrica, it was shocked and dismayed that Genometrica (and Defendants) filed the Stipulation without informing the Court about the Research Foundation's refusal thus far to consent, in accordance with the Agreement. This action was yet in further breach of the Agreement.

The Court should therefore vacate the Stipulation and Order of Dismissal pending a hearing on the issue or, alternatively, permit briefing on a Motion to Vacate, which may be accompanied by a Motion for a Temporary Restraining Order to ensure that Plaintiff does not leave the Country with "settlement" funds from the Defendants that could more appropriately be used to satisfy Genometrica's material breaches of the Agreement.

Respectfully submitted,

Peter I. Bernstein

Cc: All counsel by ECF

# Exhibit A



**SUNY RF**
The Research
Foundation for
The State University of New York

*Office of General
Counsel & Secretary*

*35 State Street
Albany, New York*

*Mailing Address:
Post Office Box 9
Albany, New York
12201-0009*

*(T) 518.434.7045
(F) 518.935.6707*

*www.rfsuny.org*

April 16, 2015

| **Via Registered Int'l Mail** | **Via Certified, Return Receipt #**<br>**7010 1060 0001 3052 9339** |
|---|---|
| Genometrica, Ltd.<br>Via Cantu 8<br>CP 5991<br>Lugano, Switzerland<br>CH6901 | Genometrica Research Inc.<br>112 West 34th Street, Suite 18036<br>New York, NY 10120 |

**Re:   Notice of Breach of the License Agreement Effective July 1, 1999**

Dear Mr. Vayntrub:

We write to notify you that Genometrica Ltd. is in breach of the License Agreement between The Research Foundation of State University of New York ("Foundation") and Biophotonics a/k/a Genometrica Research Inc, and Genometrica Ltd. (collectively "Genometrica"), effective July 1, 1999 (the "Agreement").

Pursuant to Section 4.1(c) of the Agreement, Genometrica is required to reimburse the Foundation for one hundred percent (100%) of all patenting costs incurred by the Foundation in connection with the TECHNOLOGY. Currently, seventy-two thousand nine hundred and sixty dollars ($72,960.00) in previously invoiced patent costs are overdue. Additionally, pursuant to Sections 7.3 and 7.8 of the Agreement, the costs and expenses of an infringement action commenced or defended by Genometrica shall be borne by Genometrica. To date, Genometrica has not paid six thousand six hundred and fifty dollars ($6,650.00) in litigation expenses accrued by the Foundation in relation to the Summons and Complaint filed by Genometrica in the United States District Court for the Eastern District of New York against Vera Gorfinkel, Boris Gorbovitski and Advanced Biomedical Machines Inc.

Enclosed herewith, please find invoices for outstanding patent costs and litigation expenses related to the Agreement. Pursuant to Section 6.2 of the Agreement, failure to pay these costs within ninety (90) days of receipt of this letter will result in termination of the Agreement.

Sincerely,

Christopher L. Ashley
General Counsel and Secretary

Enclosures
cc:   Peter Donnelly, Director, Office of Technology Licensing and Industry Relations
      Peter I. Bernstein, Esq., Scully, Scott, Murphy and Presser, PC
      Robert Kenney, Esq., Blank Rome LLC